THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina
 Department of Social Services, Respondent,
v.
Sarah W. and
 Vaughn S., Defendants,
Of whom Sarah
 W. is the Appellant.
 In the
 interest of two minor children under the age of 18.
 
 
 

Appeal From Saluda County
 Richard W. Chewning, III, Family Court
 Judge

Unpublished Opinion No. 2011-UP-514
Heard October 19, 2011  Filed November
 29, 2011   

REVERSED

 
 
 
Franklin G. Shuler, Jr., of Columbia, for
 Appellant.
Claude Robin Chandler, of Saluda, for
 Respondent.
Ralph Nichols Riley, Jr., of West
 Columbia, Guardian ad Litem.  
 
 
 

PER CURIAM: Sarah
 W. (Mother) appeals the family court's order terminating her parental rights to
 her two minor children.  Because the South Carolina Department of Social
 Services (DSS) failed to prove by clear and convincing evidence that the
 statutory ground for termination based on children being in foster care for
 fifteen of the most recent twenty-two months was satisfied and termination was
 in children's best interests, we reverse pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:
1.  As to whether the family court erred in finding
 DSS proved by clear and convincing evidence that a statutory ground for terminating
 Mother's parental rights existed because children had been in foster care for
 fifteen of the most recent twenty-two months: S.C. Code Ann. § 63-7-2570 (2010
 & Supp. 2010) (providing the family court may order termination of parental
 rights (TPR) upon finding one or more of eleven statutory grounds is satisfied
 and also finding TPR is in the best interest of the child); S.C. Code Ann. §
 63-7-2570(8) (2010) (providing the family court may order TPR upon a finding
 that "[t]he child has been in foster care under the responsibility of the
 State for fifteen of the most recent twenty-two months"); S.C. Dep't of
 Soc. Servs. v. Mother ex rel. Minor Child, 375 S.C. 276, 282-83, 651 S.E.2d
 622, 625 (Ct. App. 2007) ("Before terminating parental rights, the alleged
 grounds for termination must be proven by clear and convincing evidence.  On
 appeal, this [c]ourt may review the record and make its own determination of
 whether the termination grounds are supported by clear and convincing
 evidence." (citations omitted)); Charleston Cnty. Dep't of Soc. Servs.
 v. Marccuci, Op. No. 27049 (S.C. Sup. Ct. filed Oct. 3, 2011) (Shearouse
 Adv. Sh. No. 35 at 14) (holding the family court erred in relying on the
 fifteen of twenty-two months ground for TPR when "substantial evidence [existed]
 that this [child] languished unduly in foster care not because of any actions,
 or inactions, by [her parent], but because the delays generated and road blocks
 erected in the removal action made it impossible for the parties to regain
 legal custody of her prior to the expiration of the fifteen month period"); Loe v. Mother, Father, & Berkeley Cnty. Dep't of Soc. Servs., 382
 S.C. 457, 471, 675 S.E.2d 807, 814 (Ct. App. 2009) (finding clear and convincing
 evidence did not establish the fifteen of twenty-two months ground for TPR was
 satisfied when the evidence indicated the delays in the processing of the case
 were attributable to DSS).  
2.  As to whether the family court
 erred in finding DSS met its burden of proving termination of Mother's parental
 rights was in children's best interests: Charleston Cnty. Dep't of Soc.
 Servs. v. Jackson, 368 S.C. 87, 96, 627 S.E.2d 765, 770 (Ct. App. 2006)
 ("[T]he child and his parents share a vital interest in preventing
 erroneous termination of their natural relationship until the State proves
 parental unfitness." (internal quotation marks omitted)); Loe, 382
 S.C. at 471, 675 S.E.2d at 815 ("Even if the Foster Parents are perhaps
 better situated than Mother to offer advantages to [children], . . . the
 fundamental right of a fit parent to raise his or her child must be vigorously
 protected.").   
REVERSED.
FEW, C.J., THOMAS and KONDUROS, JJ., concur.